UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED BY_____D.C.

SEP 11 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Ferris Rhodes & Maurice Symonette

Plaintiffs,

Vs.

State of Florida, U.S. Bank, N.A.

Defendants.

Case# 24-CV-24031-DSW

# NOTICE OF FILING
# NOTICE OF REMOVAL CHANGE OF VENUE
# FLORIDA STAT. CH. 78.01 & 28 U.S.C. 1391 VENUE

**MAURICE SYMONETTE**
**1742 NW 68ᵀᴴ TERRACE**
**MIAMI, FL 33147**

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR

MIAMI DADE COUNTY FLORIDA CIVIL ACTION

| | | |
|---|---|---|
| Ferris Rhodes | } | CASE No: 2025-089491-CC-20 |
|   Petitioner. | } | |
| v. | } | |
| | } | |
| Innovative Investment | } | |
| and Assets Management | } | |
|   Respondent(s). | } | |

## **NOTICE OF FILING**

## **Comes now Ferris Rhodes and Maurice Symonette with this Notice of Filing Notice of Removal from From County Court to Federal Court.**

/S/*Ferris Rhodes*
Ferris Rhodes
1742 Nw 68th Terrace
Miami Fl. 33147

UNITED STATES ~~District~~ *Federal* COURT  

SOUTHERN DISTRICT OF FLORIDA

Ferris Rhodes & Maurice Symonette,

    Plaintiffs,

Vs.

State of Florida, U.S. Bank, N.A.

    Defendants

case #24 - CV-24031-DSW

Lower Tribune case # 2025-089491-CC-20

## NOTICE OF FILING
## NOTICE OF REMOVAL CHANGE OF VENUE
## FLORIDA STAT. CH. 78.01 & 28 U.S.C. 1391 VENUE

**COMES NOW,** Plaintiffs, Ferris Rhodes & Maurice Symonette, sui juris, and files for Notice of Removal due to States Court Lack of jurisdiction and Civil Rights Violations, Criminal Acts in Conspiracy with U.S. Bank by having an ex parte hearing without us, to take our Property Illegally. We Ordered the whole Record and looked and from 2001 to now There are no Assignments, Mortgage, or loan numbers anywhere in the Record pertaining to U.S. Bank owning the Property. This whole Eviction is Fraudulent Governor and Miami-Dade County Clerk of Court who was illegally appointed by the governor, Pursuant to Florida Constitution Articled VIII Section 1, Article V Section 16, Article III Section 11 (A)(1). By the Governor Ron DeSantis illegally appointing the Clerk of Court to Miami-Dade County I have been psychologically tortured and terrorized by the Clerk of Court and his staff. The Governor had jurisdiction to prevent the Clerk's action but failed his duties to We The People, pursuant to Article IV Section 1 (a) & (b) and 42 U.S.C. 1983 AND 42 U.S.C. 1986. The Mayor Daniella Levine Cava had power to order the clerk of Court and her Sheriff's and their staff to stop their criminal acts towards us as victims, they retaliated further and committed first degree felonies. See Florida Statutes Section 914.23. Chief Judge and the General Counsel were notified and they fail to perform their duties to prevent the Clerk of Court from Retaliating against victims. Bureau of Compliance for the Miami-Dade County Police were notified with the case number secured against all conspirators

# U.S. District Court
# Southern District of Florida (Miami)
# CIVIL DOCKET FOR CASE #: 1:25-cv-24031-DSW
# Internal Use Only

Rhodes et al v. State of Florida et al
Assigned to: Magistrate Judge Detra Shaw-Wilder
Cause: 28:1441 Notice of Removal

Date Filed: 09/04/2025
Jury Demand: None
Nature of Suit: 290 Real Property: Other
Jurisdiction: Federal Question

**Plaintiff**

Ferris Rhodes                      represented by    Ferris Rhodes
                                                     15020 S. River Dr.
                                                     Miami, FL 33167
                                                     PRO SE

**Plaintiff**

Maurice Symonette                  represented by    Maurice Symonette
                                                     15020 S. River Dr.
                                                     Miami, FL 33167
                                                     PRO SE

V.

**Defendant**

State of Florida

**Defendant**

U.S. Bank, N.A.

| Date Filed | # | Docket Text |
|---|---|---|
| 09/04/2025 | 4 | Clerk's Notice to Filer re: Electronic Case. State Court Records not included. Filer is instructed to file a Notice (Other) with the State Court Records attached within 24 hours. (wce) (Entered: 09/04/2025) |
| 09/04/2025 | 3 | MOTION for Leave to Proceed in forma pauperis by Ferris Rhodes, Maurice Symonette. (wce) (Entered: 09/04/2025) |
| 09/04/2025 | 2 | Clerks Notice of Judge Assignment to Magistrate Judge Detra Shaw-Wilder. Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (wce) (Entered: 09/04/2025) |

Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 260 (W.D. Mo. 1980). A party may move for transfer, even if it has waived any objection to venue. Montgomery Ward & Co. v. Anderson Motor Service, Inc., 339 F. Supp. 713, 718 n.3 (W.D. Mo. 1971). The court may also transfer an action sua sponte. Lead Industries Association, Inc. v. Occupational Safety and Health Administration, 610 F.2d 70, 79 n.17 (2d Cir. 1979); Mobil Corp. v. S.E.C., 550 F. Supp. 67, 69 (S.D.N.Y. 1982). While 28 U.S.C. § 1404(a) contains no time limit for the filing of a motion, the motion may be denied if the passage of time or any delay causes undue prejudice or is considered dilatory. See American Standard, Inc., 487 F. Supp. at 261, and cases cited. "The moving party has the burden of proof and must make a convincing showing of the right to transfer." Id.

The power of the court to transfer is limited to those districts or divisions where the case "might have been brought." 28 U.S.C. § 1404(a); American Standard, 487 F. Supp. at 261, and authorities cited. Thus, a transfer would be denied where some defendants would not be subject to jurisdiction or where the venue would be improper in the transferee forum as to any defendant. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 819 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983); Security State Bank v. Baty, 439 F.2d 910, 912 (10th Cir. 1971); Lamont v. Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978).

One of, if not the most important factors to be considered, is that of convenience of the witnesses. In this regard, the inquiry is directed not at the numbers, but rather at the nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify. See Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1051 (N.D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 48 (E.D. Pa. 1982); Capitol Cabinet Corp. v. Interior Dynamics, Ltd., 541 F. Supp. 588, 591 (S.D.N.Y. 1982).

Another of the very important factors is the "interest of justice" -- a factor susceptible to a wide variety of definitions. For example, a court might properly consider the degree "of uncertainty in transferor state law." See Van Dusen v. Barrack, 376 U.S. 612 (1964). Other examples of matters considered under rubric of "interest of justice" are efficient use of judicial resources and avoidance of unnecessary waste and expense, Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26-27 (1960); Smithkline Corp. v. Sterling Drug, Inc., 406 F. Supp. 52, 55 (D.C. Del. 1975); avoidance of inconsistent adjudications and "possibility of prejudice to the plaintiffs flowing from that transfer," Amoco Production Co. v. U.S. Dept. of Energy, 469 F. Supp. 236, 244 (D.C. Del. 1979). "Familiarity of the

court with the state law to be applied and the desirability of having localized controversies decided at home." Mutual of Omaha Ins. Co. v. Dolby, 531 F. Supp. 511, 514 (E.D. Pa. 1982), and cases cited; and permitting the transferee judge to interpret his outstanding protective order and familiarity of transferor judge with relevant documents. Mobil Corporation, 550 F. Supp. at 71. "The factor of the convenience of parties and witnesses must also be measured in terms of the interest of justice." See American Standard, 487 F. Supp. at 264. The level of congestion of the respective courts, dockets and the speed with which the dispute can be resolved are also proper matters to be considered. See Securities and Exchange Commission v. Savoy Industries, Inc., 587 F.2d 1149, 1156 (D.C. Cir. 1978), cert. denied, 440 U.S. 913 (1979).

An ORDER MUST BE rendered to have jurisdiction over this case and subject matter forwarded to the Federal courts.

## Oath

**I DECLARE UNDER PENALTY OF PERJURY**, that all the facts stated herein are true and correct to the best of my knowledge and ability. And that the facts stated herein were made of my own accord. Executed this 1st day of July 2024.

/S/FERRIS RHODES
FERRIS RHODES
15020 S. RIVER DR
MIAMI FL. 33167

/S/MAURICE SYMONETTE
MAURICE SYMONETTE
15020 S. RIVER DR
MIAMI FL. 33167

CC:file/MM/MS

Proof of service

Homeland Security Investigation

11226 NW 20th Street

Miami, Fl. 33172

Certified Receipt:

Federal Bureau of Investigation

2030 SW 145th Avenue

Miramar, Fl. 33027

Certified Receipt:


US Attorney General Merrick B. Garland,

U.S. Department of Justice

950 Pennsylvania Avenue, NW

Washington, DC 20530-0001

openjustice@doj.ca.gov

Certified Receipt:


Fraud Enforcement and Recovery Act


Florida Attorney General Ashley Moody,

Office of the Attorney General

State of Florida

PL-01 The Capitol

Tallahassee, FL 32399-1050

citizenservices@myfloridalegal.com

Certified Receipt:


State Wide Prosecutor Nicolas B. Cox

U S Bank (na) Tr vs Williams, Leroy

| | |
|---|---|
| **Local Case Number:** 2007-012458-CA-01 | **Filing Date:** 04/27/2007 |
| **State Case Number:** 132007CA012458000001 | **Judicial Section:** CA15 - Downtown Miami - Judge Rodriguez, Jose M |
| **Consolidated Case No.:** N/A | **Court Location:** 2007-012458-CA-01 |
| **Case Status:** CLOSED | **Case Type:** z DO NOT USE - Legacy Mortgage Foreclosure |

# RELATED CASES

| Case Number | Filing Date | Case Type |
|---|---|---|
| There is no data to show you right now. | | |

# PARTIES

| Party Description | Party Name | Attorney Information | Other Attorney |
|---|---|---|---|
| Defendant | Williams, Leroy | N/A | N/A |
| Defendant | State Of Fla (dor) | N/A | N/A |
| Defendant | City Of No Miam Fla | 314021 | N/A |
| Plaintiff | U S Bank (na) Tr | 30465 | N/A |

# HEARING DETAILS

| Hearing Date | Hearing Time | Hearing Code | Description | Hearing Location |
|---|---|---|---|---|
| There is no data to show you right now. | | | | |

# DOCKETS

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| N/A | 04/03/2014 | N/A | Mortgage Foreclosure Check Mailed | Event | $ 26235.00 |
| N/A | 03/21/2014 | N/A | Mortgage Foreclosure Voucher Issued | Event | $ 26235.00 MCCUMBER DANIELS BUNTZ HARTIG & PUIG P A |
| N/A | 03/21/2014 | N/A | Mortgage Foreclosure Voucher Issued | Event | $ 15.00 HARVEY RUVIN CLERK |

| DIN | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| N/A | 09/18/2007 | 25952/1000 | Recorded Document | Event | B: 25952 P: 1000 NOT. OF DROPPING UNK. SPOUSE |
| N/A | 09/18/2007 | N/A | Non-Military Affidavit | Event | N/A |
| N/A | 09/18/2007 | N/A | Motion for Default | Event | N/A |
| N/A | 09/14/2007 | N/A | Notice of Hearing- | Event | MOTIONS 10/04/2007 09:30 AM |
| N/A | 08/20/2007 | N/A | Notice of Hearing- | Event | MOTIONS 09/13/2007 09:30 AM |
| N/A | 08/20/2007 | N/A | Affidavit of: | Event | ATTORNEY'S TIME |
| N/A | 08/20/2007 | N/A | Affidavit as to Attorney Fees | Event | N/A |
| N/A | 08/20/2007 | N/A | Affidavit as to Costs | Event | N/A |
| N/A | 08/20/2007 | N/A | Aff In Support of Mtn for Final/summary Judgment | Event | N/A |
| N/A | 08/20/2007 | N/A | Motion to Tax Cost | Event | N/A |
| N/A | 08/20/2007 | N/A | Motion for Summary Judgment | Event | N/A |
| N/A | 07/02/2007 | N/A | Text | Event | SUM RTN SERVED ON JOHN DOE 5-2-07 |
| N/A | 07/02/2007 | N/A | Text | Event | SUM RTN SERVED ON JANE DOE 5-2-07 |
| N/A | 07/02/2007 | N/A | Service Returned | Event | BADGE # 1300 P 05/01/2007 |
| N/A | 07/02/2007 | N/A | Service Returned | Event | BADGE # 118 P 05/02/2007 |
| N/A | 07/02/2007 | N/A | Text | Event | SUMMONS RTD, UNK SPOUSE WILLIAMS,SERVED 6/14/07 |
| N/A | 07/02/2007 | N/A | Service Returned | Event | BADGE # 562 P 06/14/2007 |
| N/A | 05/23/2007 | N/A | Answer | Event | ATTORNEY:00314021 |
| N/A | 05/01/2007 | 25579/0324 | Lis Pendens | Event | B: 25579 P: 0324 |
| N/A | 04/27/2007 | N/A | Summons Issued | Event | N/A |
| N/A | 04/27/2007 | N/A | Complaint | Event | N/A |
| N/A | 04/27/2007 | N/A | Civil Cover | Event | N/A |

IN THE COUNTY COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

INNOVATIVE INVESTMENTS
& ASSETS MANAGEMENT CORP,
a Florida Corporation.
Plaintiff

vs.

COUNTY CIVI
CASE No.

FERRIS RHODES, and all others in
possession
        Defendant(s)

## COMPLAINT FOR EVICTION

**COMES NOW** Plaintiff, "Innovative Investments & Assets Management Corp." hereinafter simple referred to as "Owner," by and through undersigned Counsel and files this its Complaint for Eviction under F.S. 83(1) against Defendant, "Ferris Rhodes," and all those in possession and as grounds thereof states as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, ("Landlord") owns, within the meaning of Florida Stat. Sec. 83.43 (3) the real property located at:

    1742 NW 68TH TERR.
    MIAMI, FL 33147

that is the subject of this action and is located in this county.

2. Plaintiff is authorized for business in this County.

3. Defendant, "Ferris Rhodes," retain(s) possession of the premises under a written lease requiring rent of $1,500.00 per month to be paid the Twenty-eight of each month.

4. Defendant, "Ferris Rhodes," failed to pay rent due through the month of April.

5. Further, Defendant is in default of lease agreement which calls for the payment of rent in the amount of $1,500.00 on the 28th day of every month. Defendant, "Ferris Rhodes," owes a balance of $500.00 for the month of March and has an outstanding balance of $200.00 from the month of February, 2025

1

6. Furthermore, on May 8¹ᵗ, 2025, at 1:20PM, Plaintiff served the Defendant with a Tirree (3) day notice to pay rent or vacate the premises as shown by copy or copies of said notice(s) attached hereto and incorporated herein as Plaintiffs Exhibit(s) "B", but Tenant(s) refuse(s) to do either.

7. In accordance with Fla. Stat. Section 83.60(2), if Defendant, "Ferris Rhodes," fails to deposit the sum of $2,200.00, including late fees, in the Court Registry, plus rent which accrues during the pendency of this action, the Plaintiff, then is entitled to a Default Judgment for Removal of Tenant(s), as stated by Article 51 of the Florida Constitution and to recover a judgment for rent due and owing, plus costs in accordance with Fla. Stat. Sections 83.59 and 83.625.

8. Failure by Defendant to pay rent as due caused plaintiff to retain undersigned counsel and incur reasonable attorney's fees and costs, which tenant(s) should pay pursuant to Fla. Stat. Sec. 83.48 and the Lease.

## COUNT I (EVICTION)

9. Landlord sues Tenant for Eviction and incorporates and adopts all preceding allegations.

10. This is an action to evict a Residential tenant from real property in this county pursuant to F.S. 83(1).

11. Landlord is the rightful owner of the following described real property in Florida which is now occupied by Defendant, "Ferris Rhodes," ("Tenant"):

> 1742 NW 68TH TERR,
> MIAMI, FL 33147

WHEREFORE, Plaintiff, Landlord, DEMANDS JUDGMENT for possession of the premises, rent due, court costs and attorney's fees against the Defendant(s) and other available remedies in accordance with Fla. Stat. Section 83.625 and for such other relief this Court deems just and proper.

Respectfully submitted,

/s/_____
Eric J. Cvelabr, Esq.
TEL:(305) 490-1830
OFF:(305) 305-120
evelbarlaw@gmail.com
Florida Bar 166499

3