UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 25-cv-24031-JEM

MAURICE SYMONETTE (U.S. Private Attorney General) and FERRIS RHODES,
Plaintiffs,

v.

STATE OF FLORIDA, U.S. BANK N.A.
Defendant.

_____/

FILED BY _____ D.C.

OCT 28 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## MOTION VIOLATION OF NOTICE OF REMOVAL STAY 28 U.S.C. 1446 (d)

Plaintiffs MAURICE SYMONETTE and FERRIS RHODES, pro se, move on an emergency basis for the relief below. The recorded 'Certificate of Title' and derivative instruments clouding title to 1742 NW 68th Terrace, Miami, FL 33147 (the 'Property') are void or voidable and must be seized and cancelled, possession restored for Ferris Rhodes along with Maurice Symonette who never lost Possession of the Property, and a constructive lien and lis pendens imposed to preserve the Court's jurisdiction. Federal removal (28 U.S.C. § 1446(d)) and a subsequently filed bankruptcy case (11 U.S.C. §§ 362, 542) independently bar any state-court enforcement. As shown by Exhibits, videos, and sworn oaths/affidavits, enforcement actions continued after removal and after the automatic stay—warranting sanctions, contempt, and damages.

I. EMERGENCY GROUNDS

There is an imminent risk Defendant or third parties will transfer, encumber, or rely on fraudulent instruments, causing irreparable harm. Florida's replevin statute authorizes pre-judgment seizure upon verified motion and bond. Fla. Stat. §§ 78.01, 78.068; see Fuentes v. Shevin, 407 U.S. 67 (1972).

II. KEY FACTS (WITH EXHIBITS)

- 2002 Quitclaim: Rhodes Family Limited → Ferris Rhodes (Exhs. A–B).

- 12/31/2004 Warranty Deed to Leroy Williams only in anticipation of a loan that never closed (Exh. C).

- 07/06/2005 Quitclaim back to Rhodes (Exhs. D–E).

- 10/05/2007 Quitclaim to Clyde Ward (Exhs. F–H).

- Subsequent quitclaims to Symonette & Rhodes (Exhs. I–L).

1

- Certified records from 1999 to present show no closed mortgage, note, or assignment affecting the Property (Exh. FF; request/certification Exh. M).

- Plaintiffs possess a red-stamped Certified copy of the entire official record for 1742 NW 68 Terrace, Miami, FL 33147, issued by the Miami-Dade County Clerk/Recorder, which proves that Leroy Williams never had a mortgage, note, or assignment with U.S. Bank or any lending institution on this Property. This whole-record certification (Exh. FF) corroborates Exhs. M and N.

- Foreclosure case 07-12458-CA01 proceeded without any loan or standing; Certificate of Title recorded Dec. 10, 2008 (Exh. O).

- On Sept. 4, 2025, Plaintiffs filed Notice of Removal in S.D. Fla. (25-cv-24031-JEM) and served notice in state court, divesting state jurisdiction under 28 U.S.C. § 1446(d). (Exhs. P–T).

- A red-stamped certified copy of the removal was posted and read by the Sheriff and eviction agents, who nonetheless proceeded (Exhs. U–X; Y–BB).

- On [Bankruptcy Filing Date], Plaintiffs filed Bankruptcy Case No. [____] (S.D. Fla.); automatic stay under 11 U.S.C. § 362(a) barred possession acts; turnover required under § 542(a). (Exh. CC).

- Under Fla. Stat. § 83.62, Sheriff must stand down if removal or bankruptcy intervenes before return (Exh. DD).

here is the **controlling law**, **federal statutes**, **judicial rules**, and **punishment provisions** that would apply to **Police Sergeant C. Barich**, **Eviction Sheriff Wilman Jean Baptiste**, and **Judge Betsy Alvarez-Zane** for their participation in a **false arrest**, **elder abuse**, **injuring a stroke-disabled elder**, and **enforcing an eviction in violation of a Federal Bankruptcy Stay and Notice of Removal** for the property located at **1742 NW 68 Terrace, Miami, Florida 33147**.

## I. Federal and Judicial Rules Making It Illegal to Violate a Federal Stay

1. **11 U.S.C. § 362(a) – Automatic Stay (Bankruptcy Code)**
   • This federal statute is an automatic **federal injunction** issued by Congress. It takes effect immediately upon filing a bankruptcy petition.
   • It **prohibits all persons, entities, police officers, sheriffs, judges, or any governmental unit** from:
      – Continuing any judicial, administrative, or enforcement action

against the debtor;
  – Enforcing any judgment obtained before the filing;
  – Taking possession of, controlling, or interfering with property of the bankruptcy estate.
  • A violation of § 362(a) is treated as a violation of federal law and a contempt of a federal court order.

2. **11 U.S.C. § 362(k)(1)**
  • Provides that **any individual injured by a willful violation of the stay shall recover actual damages**, including costs and attorneys' fees, and **may recover punitive damages**.
  • "Willful" means the actor knew of the bankruptcy stay and **intentionally committed the act that violated it**.
  • This includes state officers, sheriffs, judges, or police enforcing eviction orders after notice of the stay.

3. **Federal Rule of Bankruptcy Procedure 9020 – Contempt Proceedings**
  • Authorizes the bankruptcy court to **hold any person, including state officials, in contempt** for disobeying the automatic stay, which functions as a standing court order.
  • The court can impose **fines, restitution, or imprisonment** for contempt.

4. **28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A), (E), (G)**
  • Grant exclusive jurisdiction to the U.S. Bankruptcy Court over matters concerning the automatic stay and property of the estate.
  • State judges and law-enforcement officials who knowingly act in defiance of that jurisdiction violate federal supremacy under the Supremacy Clause of Article VI of the U.S. Constitution.

5. **Supreme Court Authority**
  • *Kalb v. Feuerstein*, 308 U.S. 433 (1940) — State-court judgments entered after the filing of a bankruptcy petition are **void ab initio**.
  • *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019) — A party who violates a bankruptcy discharge or stay **may be held in civil contempt** if there is no "fair ground of doubt" that the order barred their conduct.
  • *Fuentes v. Shevin*, 407 U.S. 67 (1972) — Due-process precedent: property cannot be seized without prior notice and opportunity to be heard.
  • *North Georgia Finishing v. Di-Chem*, 419 U.S. 601 (1975) — Summary seizures without judicial due process violate the Fourteenth Amendment.
  • *Caperton v. Massey Coal Co.*, 556 U.S. 868 (2009) — Judges who act under conflicts of interest or financial entanglements must be disqualified; failure to recuse violates Due Process.

3

## II. Punishments and Consequences If Violations Are Proven True

| Actor | Governing Law / Rule | Nature of Violation | Possible Punishment or Sanction |
|---|---|---|---|
| Police Sgt. C. Barich | 11 U.S.C. § 362(k)(1); 18 U.S.C. § 241 & § 242; 42 U.S.C. § 1983 | Willful interference with a federal stay; false arrest; injury to a protected elder | Civil liability for damages, punitive damages, and possible **criminal liability** for deprivation of rights under color of law (§ 242) — punishable by fine and up to **10 years imprisonment** (or more if bodily injury results). In charge of the Arrest. |
| Sheriff Wilman Jean Baptiste | Same as above plus Fla. Stat. § 825.102 (Elder Abuse); Fla. Stat. § 843.085 (Official Misconduct) | Executing an illegal eviction during federal stay; injuring disabled elder | Federal contempt, punitive damages under § 362(k), state criminal prosecution for elder abuse (first-degree felony). |
| Judge Betsy Alvarez-Zane | 28 U.S.C. § 453 (Judicial Oath); Canon 1 & 2, Florida Code of Judicial Conduct; 11 U.S.C. § 362(a) | Enforcing void eviction order after notice of federal removal and bankruptcy stay | Acts **void ab initio**; subject to **federal contempt**, referral to the **Judicial Qualifications Commission**, potential impeachment or disciplinary removal under Fla. Const. Art. V § 12; loss of judicial immunity if acting in "clear absence of all jurisdiction" (*Stump v. Sparkman*, 435 U.S. 349 (1978)). |

## III. Ancillary Federal Criminal Statutes 18 U.S.C. § 241 – Conspiracy Against Rights

Punishes conspiracies to injure or oppress any person in the exercise of rights secured by the Constitution or federal laws (including the right to the automatic stay). Penalty: up to 10 years – life imprisonment if bodily injury results.

- **18 U.S.C. § 242 – Deprivation of Rights Under Color of Law**
  Applies to officers acting under state authority who willfully deprive a person of constitutional rights. Penalty: fine and/or imprisonment up to 10 years (or life if death results).

- **18 U.S.C. § 1509 – Obstruction of Court Orders**
  Makes it a federal crime to willfully resist or impede the execution of a federal court order. Penalty: fine and up to one year imprisonment.
- **18 U.S.C. § 401 – Contempt of Court**
  Authorizes federal courts to punish contempt by **fine or imprisonment** for disobedience of their lawful orders.
- **42 U.S.C. § 1983 / § 1985**
  Provide a civil cause of action for deprivation of rights under color of state law and for conspiracies to interfere with federal rights.
- **42 U.S.C. § 12203(b) (ADA Retaliation)**
  Prohibits retaliation or coercion against disabled persons exercising federal rights; adds further civil penalties.

## IV. Florida Statutes That Would Also Apply (Given Your Facts Are True)

- **Fla. Stat. § 825.102 – Abuse of an Elderly Person or Disabled Adult**
  Willful abuse causing physical or psychological injury to a disabled elder is a **first-degree felony** (up to 30 years).
- **Fla. Stat. § 787.02 – False Imprisonment** and § 784.03 – Battery**
  Unlawful restraint or injury during a false arrest; punishable by imprisonment and civil damages.
- **Fla. Stat. § 838.022 – Official Misconduct**
  A public servant who knowingly falsifies or unlawfully enforces orders commits a **third-degree felony** (up to 5 years).

## V. Judicial Rules and Ethical Canons

- **Florida Code of Judicial Conduct, Canon 1:** A Judge shall uphold the integrity and independence of the judiciary.
- **Canon 2:** A Judge shall avoid impropriety and the appearance of impropriety in all activities.
- **Canon 3(B)(2):** A Judge shall be faithful to the law and maintain professional competence in it.
  → Knowingly enforcing a void eviction during a federal stay would violate all three and subject the judge to discipline or removal.
-

5

| Category | Governing Law | Penalty Range |
|---|---|---|
| Violation of Federal Automatic Stay | 11 U.S.C. § 362(k) | Actual + punitive damages, contempt sanctions |
| Deprivation of Rights Under Color of Law | 18 U.S.C. § 242 | Up to 10 years (or life if death results) |
| Conspiracy Against Rights | 18 U.S.C. § 241 | Up to 10 years (or life if death results) |
| Obstruction of Federal Court Order | 18 U.S.C. § 1509 | Fine and up to 1 year imprisonment |
| Elder Abuse / Disabled Adult | Fla. Stat. § 825.102 | First-degree felony – up to 30 years prison |
| Official Misconduct | Fla. Stat. § 838.022 | Third-degree felony – up to 5 years prison |
| Civil Rights Damages | 42 U.S.C. § 1983 & § 1985 | Compensatory + punitive damages + attorney's fees |

actions of the police sergeant, eviction sheriff, and judge is constituted as:

- **Willful violation of a federal automatic stay** (§ 362);
- **Obstruction of a federal court order** (§ 1509);
- **Civil contempt of court** (§ 401; Bankr. R. 9020);
- **Criminal deprivation of rights under color of law** (§ 242); and
- **Elder abuse and battery under Florida criminal law** (§ 825.102; § 784.03).

- After stay and removal, eviction agents injured Mr. Rhodes even though they could see that Ferris Rhodes was crippled and Handi Capped on his left side and we asked them could they please hand cuff him in the front they would not do it they hand cuffed him

behind his back put him in the back seat of a hard plastic Police car seat and put the hand cuffs on extremely tight and injured Mr. Rhodes charged him and took him to jail and deprived him of his Medicine and the Judge told him he had to stay away from his own house even though she knew or should have known that there was a Federal Stay on the property and removed chattels (Exh. EE).

III. LEGAL STANDARD & ARGUMENT

Plaintiffs are entitled to replevin, writ of return, and equitable remedies under federal and state law, as the foreclosure and subsequent acts are void due to lack of standing, federal removal, and violation of the automatic stay.

### III. LEGAL STANDARD & ARGUMENT

A. Replevin lies now: seize and cancel Title, Certificate of Sale and Certificate of Title and all the instruments pertaining to my Property

11. Fla. Stat. § 78.01 authorizes replevin for wrongfully detained personal property— including instruments clouding title; § 78.068 allows a pre-judgment writ on a verified motion and bond, by a judge's signed order.

12. Once statutory prerequisites are met, issuance of a without-notice prejudgment writ under § 78.068 is mandatory. Comcoa, Inc. v. Coe, 587 So. 2d 474 (Fla. 3d DCA 1991).

13. Due process is satisfied by prompt post-seizure hearing and bond safeguards. Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974); North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601 (1975); Connecticut v. Doehr, 501 U.S. 1 (1991); Fuentes, 407 U.S. 67.

B. Foreclosure defects void the certificate and derivative title

14. A foreclosing plaintiff must prove standing at inception; failure renders the judgment voidable and downstream title infirm. McLean, 79 So. 3d at 173–76; U.S. Bank Nat'l Ass'n v. Bevans, 138 So. 3d 1185 (Fla. 3d DCA 2014).

15. Florida courts may vacate foreclosure results for material irregularity. Arlt v. Buchanan, 190 So. 2d 575 (Fla. 1966).

16. Section 45.031 governs sale flow; if prerequisites (Certificate of Sale, objection period, then Certificate of Title) were not satisfied, cancellation is proper.

C. Removal & bankruptcy stay independently bar enforcement

17. Upon removal and notice, state jurisdiction ceases; further state proceedings are void. Steamship Co. v. Tugman, 106 U.S. 118 (1882); Maseda v. Honda Motor Co., 861 F.2d 1248 (11th Cir. 1988); Granny Goose Foods v. Teamsters, 415 U.S. 423 (1974).

7

18. Acts to obtain possession/control in violation of the automatic stay are generally void (subject to annulment). In re Albany Partners, Ltd., 749 F.2d 670 (11th Cir. 1984); Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306 (11th Cir. 1982); Kalb v. Feuerstein, 308 U.S. 433 (1940); Taggart v. Lorenzen, 139 S. Ct. 1795 (2019).

19. Under § 83.62, execution is incomplete until the Sheriff's return; if removal or bankruptcy intervenes beforehand, the Sheriff must stand down.

D. Equitable remedies: constructive lien & lis pendens

20. Courts impose constructive liens to prevent unjust enrichment where title claims are tainted. Palm Beach Sav. & Loan Ass'n v. Fishbein, 619 So. 2d 267 (Fla. 1993).

21. Lis pendens is proper where the action affects title; the proponent must show a fair nexus. Chiusolo v. Kennedy, 614 So. 2d 491 (Fla. 1993); Medical Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915 (Fla. 1996).

E. Additional constitutional/statutory support

22. Florida courts retain power to grant replevin and related relief consistent with due process. Lamar v. Universal Supply Co., 479 So. 2d 109 (Fla. 1985).

23. Chapter 78's prejudgment writ process (bond, judicial order, prompt hearing) comports with due process. Mitchell, North Georgia, and Doehr.

IV. REQUESTED RELIEF

A. Set an immediate emergency hearing on this verified motion.

B. Issue a Pre-Judgment Writ of Replevin (Fla. Stat. §§ 78.01, 78.068).

C. Issue a Writ of Return restoring possession to Plaintiffs and voiding post-removal and post-bankruptcy acts.

D. Impose a Constructive Lien to prevent unjust enrichment.

E. Record and enforce Lis Pendens.

F. Order turnover of all property removed after Sept. 4, 2025, or after bankruptcy filing (Exh. EE).

G. Reserve jurisdiction for sanctions, contempt, and damages.

H. Grant any further relief deemed just and proper.

EXHIBIT INDEX

Exhs. A–B: 2002 Quitclaim (Rhodes Family Limited → Ferris Rhodes)

Exh. C: 12/31/2004 Warranty Deed to Leroy Williams (no loan closed)

Exhs. D–E: 07/06/2005 Quitclaim back to Rhodes

Exhs. F–H: 10/05/2007 Quitclaim to Clyde Ward

Exhs. I–L: Subsequent Quitclaims to Symonette & Rhodes

Exh. M: Records request/certification

Exh. FF: Certified records showing no closed mortgage/note/assignment

Exhs. P–T: Federal removal filings and state court notice

Exhs. U–X; Y–BB: Photos/videos/postings showing agents reading notices

Exh. CC: Bankruptcy notice/docket

Exh. DD: § 83.62 posting & timing log

Exh. EE: Itemization/photos of removed property

Exh. FF: Miami-Dade Clerk red-stamped Certified Whole Record for 1742 NW 68 Terrace, proving no recorded mortgage, note, or assignment by U.S. Bank or any lender for Leroy Williams.


## SWORN OATH

VERIFICATION OF OATH IN ACCORDANCE WITH (28 U.S.C. § 1746 and Fla. Stat. § 92.525I, Maurice Symonette, declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. Executed this ___ day of _____, 2025.

_Maurice S._

Maurice Symonette, U.S. Private Attorney General (Pro Se)  1742 NW 68th Terrace, Miami, FL 33147  Phone/Email: 786-859-9421

I, this 28 day of October, 2025.


## SWORN OATH

VERIFICATION OF OATH IN ACCORDANCE WITH (28 U.S.C. § 1746 and Fla. Stat. § 92.525I, Ferris Rhodes, Declare under Penalty of Perjury that the foregoing is true and

correct to the best of my Personal knowledge. Executed this 28ᵗʰ day of _october_, 2025

Ferris Rhodes (Pro Se)  1742 NW 68th Terrace, Miami, FL 33147  Phone/Email:

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by U.S. Mail / Certified Mail on [_____] on this 28ᵗʰ day of _october_, 2025.

MAURICE SYMONETTE

## VI. CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this motion was served by U.S. Mail / Certified Mail to. [_____] on this 28ᵗʰ day of _october_, 2025.

Maurice Symonette

Exhibit Index (attach each exhibit beside the paragraph it proves)

• Exhs. A–B: 2002 Quitclaim (Rhodes Family Limited → Ferris Rhodes)

• Exh. C: 12/31/2004 Warranty Deed to Leroy Williams but no Closing

• Exhs. D–E: 07/06/2005 Quitclaim back to Rhodes

• Exhs. F–H: 10/05/2007 Quitclaim to Clyde Ward

• Exhs. I–L: Subsequent Quitclaims to Symonette & Rhodes

• Exh. M: Records request/certification

• Exh. FF: Certified records showing no closed mortgage/note/assignment

10

• Exhs. P–T: Federal removal filings; state court notice

• Exhs. U–X; Y–BB: Photos/postings/eviction-action evidence

• Exh. CC: Bankruptcy notice/docket

• Exh. DD: § 83.62 posting & timing log

• Exh. EE: Itemization/photos of removed property See: sayyesss.com

, Exh. FF:

TABLE OF AUTHORITIES (For Filing)

U.S. Supreme Court:

  • Fuentes v. Shevin, 407 U.S. 67 (1972)

  • Mitchell v. W.T. Grant Co., 416 U.S. 600 (1974)

  • North Georgia Finishing, Inc. v. Di-Chem, Inc., 419 U.S. 601 (1975)

  • Connecticut v. Doehr, 501 U.S. 1 (1991)

  • Granny Goose Foods v. Teamsters, 415 U.S. 423 (1974)

  • Steamship Co. v. Tugman, 106 U.S. 118 (1882)

  • Kalb v. Feuerstein, 308 U.S. 433 (1940)

  • Taggart v. Lorenzen, 139 S. Ct. 1795 (2019)

Florida Supreme Court:

  • Arlt v. Buchanan, 190 So. 2d 575 (Fla. 1966)

  • Palm Beach Sav. & Loan Ass'n v. Fishbein, 619 So. 2d 267 (Fla. 1993)

  • Chiusolo v. Kennedy, 614 So. 2d 491 (Fla. 1993)

  • Medical Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So. 2d 915 (Fla. 1996)

  • Lamar v. Universal Supply Co., 479 So. 2d 109 (Fla. 1985)

Florida District Courts of Appeal (incl. 3d DCA):

  • Comcoa, Inc. v. Coe, 587 So. 2d 474 (Fla. 3d DCA 1991)

• McLean v. JPMorgan Chase Bank, N.A., 79 So. 3d 170 (Fla. 4th DCA 2012)

• U.S. Bank Nat'l Ass'n v. Bevans, 138 So. 3d 1185 (Fla. 3d DCA 2014)

Eleventh Circuit / Bankruptcy:

• Maseda v. Honda Motor Co., 861 F.2d 1248 (11th Cir. 1988)

• In re Albany Partners, Ltd., 749 F.2d 670 (11th Cir. 1984)

• Borg-Warner Acceptance Corp. v. Hall, 685 F.2d 1306 (11th Cir. 1982)

Statutes & Rules:

• Fla. Stat. ch. 78; § 78.01; § 78.068

• Fla. Stat. § 45.031

• Fla. Stat. § 83.62

• 11 U.S.C. §§ 362, 542

• 28 U.S.C. § 1446(d)


Prepared for filing on October 21, 2025.

20399PG1532

**Exh. A.**

This instrument prepared by:

David S. Kaufman, Esq.
RICHARD S. GENDLER & ASSOCIATES, P.A.
2828 Coral Way #304
Miami, Florida 33145

02R303222 2002 MAY 16 8:45

Grantee SS no ▓▓▓▓▓▓

Property folio no. 30-3115-005-1190

DOCSTPDEE    240.00 SURTX    0.00
HARVEY RUVIN, CLERK DADE COUNTY, FL

*This QuitClaim Deed* made and executed the *13* day of May, 2002, by Herbert J. Rhodes and Ferris L. Rhodes, as all of the partners of the Rhodes Family Limited Partnership, a Florida limited partnership, whose post office address is: 3450 N.W. 213 Street, Miami, Florida 33056, hereinafter referred to as the grantor to Ferris L. Rhodes, Grantee, whose post office address is: 4241 N.W. 178 Street, Opa-Locka, Florida 33054

WITNESSETH:    That the said Grantor, for and in consideration of the sum of Ten and --- 00/100 dollars ($10.00), in hand paid by the Grantee(s), the receipt whereof is hereby acknowledged, does hereby remiss, release and quit-claim unto the said Grantee(s) forever, all the right, title, interest, claim and demand which the said Grantor has in and to the following described lot, piece or parcel of land, situate, lying and being in the County of Miami-Dade, State of Florida, to wit:

**Lot 15, Block 5, LIBERTY CITY, as recorded in Plat Book 7, Page 79, of the Public Records of Miami-Dade County, Florida**

TO HAVE AND TO HOLD, the same together with all and singular the appurtances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said Grantor, either in law or equity, to the only proper use, benefit and behalf of the said Grantee(s) forever.

IN WITNESS WHEREOF, the said Grantor has signed and sealed these presents on the day and year first above written.

Signed, sealed and delivered
in the presence of:

Printed Name: DAVID S KAUFMAN

Printed Name: RICHARD GENDLER

Printed Name: DAVID S KAUFMAN

Printed Name: RICHARD GENDLER

Rhodes Family Limited Partnership,
a Florida limited partnership

By: _____ L.S.
Ferris L. Rhodes

by: _____ L.S.
Herbert J. Rhodes

STATE OF FLORIDA    }
                    } ss:
COUNTY OF MIAMI-DADE }

THE FOREGOING INSTRUMENT was executed and acknowledged before me this *13* day of May, 2002 by the Grantor(s), personally known by me or identified by photo identification, who acknowledged that they executed the same.

My commission expires:

_____
NOTARY PUBLIC
Printed Name:

DAVID S KAUFMAN
MY COMMISSION # DD ...
EXPIRES January 7, 20..

20399PG1532    Exh. B.

This instrument prepared by:

David S. Kaufman, Esq.
RICHARD S. GENDLER & ASSOCIATES, P.A.
2828 Coral Way #304
Miami, Florida 33145

02R303222 2002 MAY 16 08:45

Grantee SS no. ████████████

Property folio no. 30-3115-005-1190

DOC6TPDEE    240.00 SURTX    0.00
HARVEY RUVIN, CLERK DADE COUNTY, FL

_This QuitClaim Deed_ made and executed the 13 day of May, 2002, by Herbert J. Rhodes and Ferris L. Rhodes, as all of the partners of the Rhodes Family Limited Partnership, a Florida limited partnership, whose post office address is: 3450 N.W. 213 Street, Miami, Florida 33056, hereinafter referred to as the grantor to Ferris L. Rhodes, Grantee, whose post office address is: 4241 N.W. 178 Street, Opa-Locka, Florida 33054

WITNESSETH:    That the said Grantor, for and in consideration of the sum of Ten and --- 00/100 dollars ($10.00), in hand paid by the Grantee(s), the receipt whereof is hereby acknowledged, does hereby remiss, release and quit-claim unto the said Grantee(s) forever, all the right, title, interest, claim and demand which the said Grantor has in and to the following described lot, piece or parcel of land, situate, lying and being in the County of Miami-Dade, State of Florida, to wit:

Lot 16, Block 6, LIBERTY CITY, as recorded in Plat Book 7, Page 79, of the Public Records of Miami-Dade County, Florida

TO HAVE AND TO HOLD, the same together with all and singular the appurtances thereto belonging or in anywise appertaining, and all the estate, right, title, interest, lien, equity and claim whatsoever of the said Grantor, either in law or equity, to the only proper use, benefit and behalf of the said Grantee(s) forever.

IN WITNESS WHEREOF, the said Grantor has signed and sealed these presents on the day and year first above written.

Signed, sealed and delivered
in the presence of:

Printed Name: DAVID S KAUFMAN

Printed Name:

Rhodes Family Limited Partnership,
a Florida limited partnership

By Ferris L. Rhodes    L.S.

Printed Name: DAVID S KAUFMAN

Printed Name:

by Herbert J. Rhodes    L.S.

STATE OF FLORIDA    }
                    } ss:
COUNTY OF MIAMI-DADE }

HARVEY RUVIN
CLERK OF THE CIRCUIT COURT

THE FOREGOING INSTRUMENT was executed and acknowledged before me this 13 day of May, 2002 by the Grantor(s), personally known by me or identified by photo identification, who acknowledged that they executed the same.

My commission expires:

NOTARY PUBLIC
Printed Name:

Exh. C.

CFN 2005R0793769
OR Bk 23623 Pgs 3257 - 3258; (2pgs)
RECORDED 07/29/2005 12:41:05
DEED DOC TAX 920.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Prepared by and return to:

Flamingo Title Services, Inc.
1236 SE 4th Avenue
Fort Lauderdale, FL 33316
352-374-4888
File Number: 054-101
With call No.:



_____ [Space Above This Line For Recording Data] _____

# Warranty Deed

**This Warranty Deed** made this 30th day of June, 2005 between FERRIS L. RHODES, a single man whose post office address is P.O. Box 170628 Hialeah FL 3317, grantor, and Leroy Williams, a single man whose post office address is 8152 NW 15 Manor, Fort Lauderdale, FL 33322, grantee.

*(Whenever used herein the terms "grantor" and "grantee" include all the parties to this instrument and the heirs, legal representatives, and assigns of individuals, and the successors and assigns of corporations, trusts and trustees)*

**Witnesseth**, that said grantor, for and in consideration of the sum of TEN AND NO/100 DOLLARS ($10.00) and other good and valuable considerations to said grantor in hand paid by said grantee, the receipt whereof is hereby acknowledged, has granted, bargained, and sold to the said grantee, and grantee's heirs and assigns forever, the following described land, situate, lying and being in **Miami-Dade County**, Florida to-wit:

LOT 15, BLOCK 5, LIBERTY CITY, according to the Plat thereof, as recorded in Plat Book 7, Page 79, of the Public Records of Dade County, Florida.

Parcel Identification Number: 3031150051190

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold**, the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 2004.

**In Witness Whereof**, grantor has hereunto set grantor's hand and seal the day and year first above written.

Signed, sealed and delivered in our presence:

Witness Name: CARRETHA Robinson

Witness Name:

FERRIS L. RHODES (Seal)

Double Time®

CFN 2005R0731946
OR Bk 23572 Pgs 3966 - 3967; (2pgs)
RECORDED 07/14/2005 14:49:39
DEED DOC TAX 300.00
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Exh. D.

## QUITCLAIM DEED

THIS QUITCLAIM DEED, Executed this _6th_ day of _July_
year. _2005_

by first party, Grantor, _Leroy Williams_

whose post office address is _P.O. Box 170628_
_Hialeah, FL 33017_
to second party, Grantee, _Ferris L. Rhodes, Leroy Williams_

whose post office address is _P.O. Box 170628_
_Hialeah, FL 33017_

_Ferris Rhodes can buy, sell, refinance, or Quit claim this property without other owner,
every thing concerning this property must be done through Ferris L. Rhodes._
WITNESSETH, That the said first party, for good consideration and for the sum of

_One thousand_ Dollars ($ _1000.00_ ) paid by the said second
party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim
unto the said second party forever, all the right, title, interest and claim which the said first party
has in and to the following described parcel of land, and improvements and appurtenances there
to in the County of _Dade_ , State of _Florida_ to wit

_Lot 15, Block 5, Liberty City, According to the
Plat thereof, as recorded in plat Book 7, page 79
of the public records of Dade county, Florida._

_Folio# 30 3115 005 1190_

OR BK 23572 PG 3967
LAST PAGE

Exh. E.

**IN WITNESS WHERFOF,** The said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

_____
Signature of Witness

_____
Print name of Witness

_____
Signature of Witness

_____
Print name of Witness

_____
Signature of First Party

_____
Print name of First Party

_____
Signature of First Party

_____
Print name of First Party

State of
County of
On _____ before me,
appeared _x_ *Ferris L. Rhodes*
personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacities(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument
WITNESS my hand and official seal.

_____
Signature of Notary   July 6, 2005

CARLINE WILLIAMS
Notary Public - State of Florida
July Commission Expires Apr 25, 2009
Commission # DD 422403
Bonded By National Notary Assn.

Affiant ____ Known ____ Produced ID
Type of ID __Lic__
(Seal)

State of
County of
On
appeared

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal

_____
Signature of Notary

CARLINE WILLIAMS
Notary Public - State of Florida
July Commission Expires Apr 25, 2009
Commission # DD 422403
Bonded By National Notary Assn.

Affiant ____ Known ____ Produced ID
Type of ID __Lic__
(Seal)

_____
Signature of Preparer

_____
Print name of Preparer   Carline Williams

13040 NW St
Address of Preparer

PemBroke Pina Fl,
City, State, Zip



CFN 2007R0983248
OR Bk 25976 Pgs 2520 - 2521; (2pgs)
RECORDED 10/09/2007 10:45:12
DEED DOC TAX 0.60
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA

Exh. F.

Above Space Reserved for Recording
If required by your jurisdiction, list above the name & address of: 1) where to return this form, 2) preparer, 3) party requesting recording

# Quitclaim Deed

Date of this Document: _October 5th, 2007_

Reference Number of Any Related Documents: _____

Grantor:

Name: _Ferris L. Rhodes_

Street Address: _1742 N.W. 68th ter_

City/State/Zip: _Miami, FL 33147_

Grantee:

Name: _Clyde A Ward_

Street Address: _1742 N.W 68 ter_

City/State/Zip: _Miami, FL. 33147_

Abbreviated Legal Description (i.e., lot, block, plat or section, township, range, quarter quarter or unit, building and condo name): _Lot 15 Block 5, Liberty City, according to the Plat thereof of Plat Book 7, page 79_

Assessor's Property Tax Parcel/Account Number(s): _30-3115-005-1190_

**THIS QUITCLAIM DEED**, executed this _5th_ day of _October_ 20 _07_, by first party, Grantor _Ferris L Rhodes_ whose mailing address is _1742 N.w. 68 terr   Miami FL 33147_ to second party, Grantee _Clyde A Ward_ whose mailing address is _1742 N. w. 68 terr  Miami, FL. 33147_

**WITNESSETH** that the said first party, for good consideration and for the sum of _TEN Dollars_ Dollars (S _10.00_ ) paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party, forever, all the right, title, interest and claim

OR BK 25976 PG 2521
LAST PAGE

Exh. G.

which the said first party has in and to the following described parcel of land, and improvements and appurtenances
thereto in the County of _____ DADE _____ State of _____ Florida
to wit: _____ Lot 15 Block 5 Liberty City according
to the Plat there of, as recorded in Plat
Book 7 page 79 of the public records of
Dade County, Florida

**IN WITNESS WHEREOF,** the said first party has signed and sealed these presents the day and year first written above. Signed,
sealed and delivered in the presence of:

Signature of Witness

Print Name of Witness _____ Alfred Davis

Signature of Witness

Print Name of Witness _____ Jeff Simpson

Signature of Grantor

Print Name of Grantor _____ Ferck C. Rhodes

State of _____ Florida
County of _____ Dade

On _____ October 5, 2007 _____ before me, _____ Andrea Chenault
appeared _____ Ferris Rhodes _____ , personally known to me (or proved
to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature of Notary

Affiant _____ Known ✓ Produced ID
Type of ID _____ DL# R-300-252-42-369-0
(Seal)

ANDREA M CHENAULT
COMMISSION # DD484796
EXPIRES December 25 2010

OR BK 23623 PG 3258
LAST PAGE

State of Florida
County of Broward

# Exh. H.

The foregoing instrument was acknowledged before me this 30th day of June, 2005 by FERRIS L. RHODES, who is
personally known or [X] has produced a driver's license as identification.

[Notary Seal]

Notary Public

Printed Name

My Commission Expires

Michelle Austin-Wilks
Commission # DD080925
Expires Dec. 26, 2005
Bonded Thru
Atlantic Bonding Co., Inc.

STATE OF FLORIDA, COUNTY OF MIAMI-DADE
I hereby certify that the foregoing is a
true and correct copy of the original on
file in this office 08/13 ___ 25
JUAN FERNANDEZ-BARQUIN, Clerk of the
Court and Comptroller, Miami-Dade County
Deputy Clerk Amaury
Amaury Vilches E407408

Warranty Deed - Page 2

Double Times

Exh. I.

When recorded return to: _____

# Quitclaim Deed:

THIS QUITCLAIM DEED, executed this *March* day of *08* *09*

by first party, Grantor, *Clyde Wood*

whose post office address is *1742 NW 68th Ter. Miami Fla.*

to second party, Grantee, *Maurice Symonette 5%   Ferris Rhodes 95%*

whose post office address is *1742 NW 68th Terrace Miami Fla.*

WITNESSETH, That the said first party, for good consideration and for the sum of *Ten Dollars*

_____ Dollars ($ *10.00* )

paid by the said second party, the receipt whereof is hereby acknowledged, does hereby remise, release and quitclaim unto the said second party forever, all the right, title, interest and claim which the said first party has in and to the following described parcel of land, and improvements and appurtenances thereto in the County of _____

State of *Florida* To wit: _____

*Lot 13, Block 5, Liberty City, According to the*
*Plat there of, As Recorded in Plat Book 9, Page 29*
*Of the Public Records of Dade County, Florida*
*Folio # 3115 005 1190*

www.socrates.com

© 2004, Socrates Media ___
LF280MA • Rev. 3/08M

Exh. J.

IN WITNESS WHEREOF, the said first party has signed and sealed these presents the day and year first above written. Signed, sealed and delivered in presence of:

Signature of Witness: _____

Printed Name of Witness: _____

Signature of First Party: _____

Printed Name of First Party: _____

Address of Witness: _____

State of _Florida_
County of _____ ss.

I certify that I know or have satisfactory evidence that _Chyle Ward_ (name of person) is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as _Proper owner_ (title, trustee, etc.) of _____ (name of party on behalf of whom instrument was executed) to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

State of _Flori__
County of _____ ss.

I certify that I know or have satisfactory evidence that _____ (name of person) is the person who appeared before me, and said person acknowledged that (he/she) signed this instrument, on oath stated that (he/she) was authorized to execute the instrument and acknowledged it as _Proper owner_ (title, trustee, etc.) of _____ (name of party on behalf of whom instrument was executed) to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Date: _3 - 8 - 2008_       Signature: _Fannie Mitchell_

(Seal or Stamp)       Title: _____

My appointment expires: _March 8 2011_

# EXHIBIT FF

# CERTIFIED COPY OF THE RECORD FROM 1999-2025

# SEE SAYYESSS.COM #1

CFN 2008R0989466
OR BK 26679 Pg 4908; (1pg)
RECORDED 12/10/2008 12:35:05
DEED DOC TAX 10.50
HARVEY RUVIN, CLERK OF COURT
MIAMI-DADE COUNTY, FLORIDA
LAST PAGE

IN THE CIRCUIT COURT OF THE JUDICIAL
CIRCUIT IN AND FOR DADE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CIVIL ACTION NO. 08 CV XXXX CA

# Exh. O.

U.S. BANK, N.A., AS TRUSTEE
Plaintiff(s) / Petitioner(s)
vs.
LEROY WILLIAMS, et al
Defendant(s) / Respondent(s)

CERTIFICATE OF TITLE
Chapter 4

THE UNDERSIGNED CLERK OF THE Court certifies that a Certificate of Sale was executed and filed in this action on October 30, 2008, for the property described herein and that no objections to the sale have either been filed within the time allowed by statutory law or that if filed have been denied by the court. The property in Dade County, Florida and described as follows:

LOT 2, BLOCK 1, LIBERTY CITY, ACCORDING TO THE PLAT THEREOF, AS RECORDED IN PLAT BOOK 7, PAGE 99 OF THE PUBLIC RECORDS OF DADE COUNTY, FLORIDA

Property Address: 1234 NW 65TH TERRACE, MIAMI, FL 33147

was sold to:
PREMONT LINE INVESTMENTS & HOLDINGS, INC. AS TRUSTEE UNDER A FLORIDA LAND TRUST AGREEMENT DATED 10/30/08, 1234 PONCE DE LEON BLVD #456, CORAL GABLES, FL 33134

WITNESS my hand and seal of this Court, this December 2008.



FILED BY_____D.C.

Susan Sharon Jackson

SEP 04 2025

ANGELA E. NOBLE
CLERK U.S. DIST CT
S.D OF FLA  MIAMI

UNITED STATES ~~District~~ *Federal* COURT

SOUTHERN DISTRICT OF FLORIDA

Ferris Rhodes & Maurice Symonette,

     Plaintiffs,

Vs.

State of Florida, U.S. Bank, N.A.

     Defendants.

# Exh. P.

Case # 

---

## NOTICE OF FILING
## NOTICE OF REMOVAL CHANGE OF VENUE
## FLORIDA STAT. CH. 78.01 & 28 U.S.C. 1391 VENUE

**COMES NOW,** Plaintiffs, Ferris Rhodes & Maurice Symonette, sui juris, and files for Notice of Removal due to States Court Lack of jurisdiction and Civil Rights Violations, Criminal Acts in Conspiracy with U.S. Bank by having an ex parte hearing without us, to take our Property Illegally. We Ordered the whole Record and looked and from 2001 to now There are no Assignments, Mortgage, or loan numbers anywhere in the Record pertaining to U.S. Bank owning the Property This whole Eviction is Fraudulent Governor and Miami-Dade County Clerk of Court who was illegally appointed by the governor Pursuant to Florida Constitution Articled VIII Section 1, Article V Section 16, Article III Section 11 (A)(1). By the Governor Ron DeSantis illegally appointing the Clerk of Court to Miami-Dade County I have been psychologically tortured and terrorized by the Clerk of Court and his staff. The Governor had jurisdiction to prevent the Clerk's action but failed his duties to We The People, pursuant to Article IV Section 1 (a) & (b) and 42 U.S.C. 1983 AND 42 U.S.C. 1986. The Mayor Daniella Levine Cava had power to order the clerk of Court and her Sheriff's and their staff to stop their criminal acts towards us as victims, they retaliated further and committed first degree felonies. See Florida Statutes Section 914.23. Chief Judge and the General Counsel were notified and they fail to perform their duties to prevent the Clerk of Court from Retaliating against victims. Bureau of Compliance for the Miami-Dade County Police were notified with the case number secured against all conspirators

**Exh. Q.**

in their political positions as each has taken an oath of office and fail to report violating 18 U.S.C. 4 Misprision of Felony, and 18 U.S.C. 2382 Misprision and Treason. Each had a duty under 18 U.S.C. 3041 MAYOR, CHIEF JUDGE, GOVERNOR, CLERK OF COURT and all others listed in the aforementioned codes have committed criminal offenses towards us as victims. Due to the severity of the criminal activity and the political parties involved, it is the Plaintiff's positions that they have not and will not receive fair hearings, trials, warrants for charges filed and grand jury indictments because of their party affiliations and constituents within this jurisdiction. Plaintiff's contends their rights to not be denied Notice of Removal in accordance with Florida Constitution Article III Section 11 (a) (1) & (6).

By changing venue, it will not be of any inconvenience to the witnesses due to there being no witnesses. Only victims and perpetrators of crimes

A transfer to federal court is true and proper because foreclosures with Fannie Mae and HUD cannot be foreclosed in state court.

The laws that is applicable and controlling in this case are regulated and enforced in federal court and the state court will be compelled in another forum writ of mandamus to comply with their own laws, constitutions, and rules. It will be in the interest of justice to change the venue to federal court.

By the case being forwarded to the Federal Court's jurisdiction, it will not take up or waste the courts time. All laws that apply to this case is prima facie and will acquire an effective and sufficient result. All pleadings will be succinct and accomplish their desired results effectively and expeditiously.

By respectfully moving this case to the federal court the state court will be in compliance with our inalienable rights, laws of the United States and state of Florida. Constitutions of both federal and state, and their oaths of office.

## ULTIMATE FACTS WITH CONCLUSION OF LAW

Section 1404(a) of Title 28 provides that "for the convenience of parties and witnesses, in the interest of justice, a district may transfer any civil action to any other district where it might have been brought."

Any party, including plaintiff, may move for a transfer under 28 U.S.C. § 1404(a) I-T-E- Circuit Breaker Co. v. Regan, 348 F.2d 403 (8th Cir. 1965), American

# Exh. R.

Standard, Inc. v. Bendix Corp., 487 F. Supp. 254, 260 (W.D. Mo. 1980). A party may move for transfer, even if it has waived any objection to venue. Montgomery Ward & Co. v. Anderson Motor Service, Inc., 339 F. Supp. 713, 718 n.3 (W.D. Mo. 1971). The court may also transfer an action sua sponte. Lead Industries Association, Inc. v. Occupational Safety and Health Administration, 610 F.2d 70, 79 n.17 (2d Cir. 1979); Mobil Corp. v. S.E.C., 550 F. Supp. 67, 69 (S.D.N.Y. 1982). While 28 U.S.C. § 1404(a) contains no time limit for the filing of a motion, the motion may be denied if the passage of time or any delay causes undue prejudice or is considered dilatory. See American Standard, Inc., 487 F. Supp. at 261, and cases cited. "The moving party has the burden of proof and must make a convincing showing of the right to transfer." Id.

The power of the court to transfer is limited to those districts or divisions where the case "might have been brought." 28 U.S.C. § 1404(a), American Standard, 487 F. Supp. at 261, and authorities cited. Thus, a transfer would be denied where some defendants would not be subject to jurisdiction or where the venue would be improper in the transferee forum as to any defendant. See Hoffman v. Blaski, 363 U.S. 335, 344 (1960); In re Fine Paper Antitrust Litigation, 685 F.2d 810, 819 (3d Cir. 1982), cert. denied, 459 U.S. 1156 (1983); Security State Bank v. Baty, 439 F.2d 910, 912 (10th Cir. 1971); Lamont v. Haig, 590 F.2d 1124, 1131 n.45 (D.C. Cir. 1978).

One of, if not the most important factors to be considered, is that of convenience of the witnesses. In this regard, the inquiry is directed not at the numbers, but rather at the nature and quality of the witnesses' testimony and the question of whether they can be compelled to testify. See Hotel Constructors, Inc. v. Seagrave Corp., 543 F. Supp. 1048, 1051 (N.D. Ill. 1982); Schmidt v. Leader Dogs for the Blind, Inc., 544 F. Supp. 42, 48 (E.D. Pa. 1982); Capitol Cabinet Corp. v. Interior Dynamics, Ltd., 541 F. Supp. 588, 591 (S.D.N.Y. 1982).

Another of the very important factors is the "interest of justice" -- a factor susceptible to a wide variety of definitions. For example, a court might properly consider the degree "of uncertainty in transferor state law." See Van Dusen v. Barrack, 376 U.S. 612 (1964). Other examples of matters considered under rubric of "interest of justice" are efficient use of judicial resources and avoidance of unnecessary waste and expense. Continental Grain Co. v. The FBL-585, 364 U.S. 19, 26-27 (1960); Smithkline Corp. v. Sterling Drug, Inc., 406 F. Supp. 52, 55 (D.C. Del. 1975); avoidance of inconsistent adjudications and "possibility of prejudice to the plaintiffs flowing from that transfer." Amoco Production Co. v. U.S. Dept. of Energy, 469 F. Supp. 236, 244 (D.C. Del. 1979); "familiarity of the

**U.S. District Court**
**Southern District of Florida (Miami)**
**CIVIL DOCKET FOR CASE #: 1:25-cv-24031-DSW**

Exh. S.

Plaintiff
Ezra Rhodes

Plaintiff
Maurice Symonette

Defendant
State of Florida

Defendant
U.S. Bank, N.A.

| Date Filed | # | Docket Text |
|---|---|---|

JS 44 (Rev. 10/20) FLSD Revised 07/01/2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)* **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

**Exh. T. pg.1**

## I. (a) PLAINTIFFS
Ferris R Hoyes

## DEFENDANTS
State of Florida US Bank NA

(b) County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

FILED BY _____ D.C.

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

SEP 04 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

(c) Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

(d) Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☑ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☑ 290 All Other Real Property

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury - Med. Malpractice

**CIVIL RIGHTS**
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PERSONAL INJURY
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**PRISONER PETITIONS**
*Habeas Corpus:*
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
*Other:*
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent - Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### OTHER STATUTES
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed *(See VI below)*
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 7 Appeal to District Judge from Magistrate Judgment
☐ 8 Multidistrict Litigation - Direct File

## VI. RELATED/ RE-FILED CASE(S)
*(See instructions):* a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☐ NO

JUDGE: _____   DOCKET NUMBER: _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause *(Do not cite jurisdictional statutes unless diversity):*

LENGTH OF TRIAL via ___ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

FOR OFFICE USE ONLY: RECEIPT # _____   AMOUNT _____   IFP _____   JUDGE _____   MAG JUDGE _____

Exh. T. pg.2



U.S. District Court

Florida Southern - Miami

**Exh. U.**

AFFIDAVIT

I JAMES BUCKMAN am a Witness that the Eviction people came to 1742 NW 68" Terrace. And they saw the Notice of Removal on the door and took the Red Stamp Copy. And shortly after the Sheriff came looked at the Notice of Removal and put the eviction on the door anyway. We stayed inside they called the Police we came outside and Maurice Symonette pulled up and told them that we had a Notice of Removal. But they told us to come out of the house anyway. And Ferris Rhodes didn't come out and they arrested him. Maurice showed the officer the Federal Rule 28 USC 1446 (d) and the Female Police Officer got scared and unhandcuffed Ferris Rhodes and took him out of the car and let him go back into the house. I was also there two days later when the officers came and in violation of the federal stay when they arrested Ferris Rhodes handcuffed him behind his back and took him to jail. Further Affiant saith not.

JAMES BUCKMAN
15020 S. River Dr
MIAMI FL. 33167

Exh. V.

AFFIDAVIT

I BENJAMIN MCFADDEN am a Witness that the Eviction people came to 1742 NW 68th Terrace. And they saw the Notice of Removal on the door and took the Red Stamp Copy. And shortly after the Sheriff came looked at the Notice of Removal and put the eviction on the door anyway. We stayed inside they called the Police we came outside and Maurice Symonette pulled up and told them that we had a Notice of Removal. But they told us to come out of the house anyway. And Ferris Rhodes didn't come out and they arrested him. Maurice showed the officer the Federal Rule 28 USC 1446 (d) and the Female Police Officer got scared and unhandcuffed Ferris Rhodes and took him out of the car and let him go back into the house. I was also there two days later when the officers came and in violation of the federal stay when they arrested Ferris Rhodes handcuffed him behind his back and took him to jail. Further Affiant saith not.

BENJAMIN MCFADDEN
15020 S. River Dr.
MIAMI FL. 33167

Exh. W.

AFFIDAVIT

I MICAHIEL NICHLOSON am a Witness that the Eviction people came to 1742 NW 68th Terrace And they saw the Notice of Removal on the door and took the Red Stamp Copy. And shortly after the Sheriff came looked at the Notice of Removal and put the eviction on the door anyway. We stayed inside they called the Police we came outside and Maurice Symonette pulled up and told them that we had a Notice of Removal. But they told us to come out of the house anyway. And Ferris Rhodes didn't come out and they arrested him. Maurice showed the officer the Federal Rule 28 USC 1446 (d) and the Female Police Officer got scared and unhandcuffed Ferris Rhodes and took him out of the car and let him go back into the house. I was also there two days later when the officers came and in violation of the federal stay when they arrested Ferris Rhodes handcuffed him behind his back and took him to jail. Further Affiant saith not.

_Micahiel Nichloson_
MICAHIEL NICHLOSON
15020 S. River Dr.
MIAMI FL. 33167



*1-5*

*DK1-2*

IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE, COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

**Exh. Y.**

CASE NO. 07- 22018-CA-01

US BANK NATL ASSN (T

Section No.  13

CIVIL DIVISION

       Plaintiff(s)

vs.

RHODES, FERRIS L
RHODES, PATRICIA
MORTGAGE ELECT REG S
       Defendant(s)

Motion, Notice and

Judgment of Dismissal

**FINAL ORDER AS TO ALL PARTIES**

SRS DISPOSITION ☑

NUMBER _____      CLOCK IN _____

ORDER ON MOTION TO DISMISS
FOR LACK OF PROSECUTION

THIS CAUSE having come on to be heard pursuant to Rule
1.420 of the Fla.R.Civ.P. and the Court being fully advised in
the premises.

[✓] THE COURT FINDS that no party opposing the motion to dismiss
[__] for lack of prosecution having appeared as ordered and
demonstrated the existence of the requisite record activity or
that action had been stayed nor having timely filed a showing
of good cause in writing, if required, and therefore, in the
absence of any evidence to the contrary, the Court finds that
(1) notice prescribed by Rule 1.420(e) was timely served; (2)
there was no record acitivity during the 10 months immediately
preceding service of the foregoing notice; (3) there was no
record activity during 60 days immediately following service of
the foregoing notice; (4) no stay has been issued or approved by
the Court; and (5) no party has shown good cause why this action
should remain pending;

THEREFORE, IT IS ORDERED that this action is dismissed for lack of prosecution.

[__] THE COURT FINDS good cause why this action should remain pending;
[__] therefore, IT ORDERED AND ADJUDGED that the Motion to Dimiss for Lack of
prosecution pursuant to Florida Rule of Civil Procedure 1.420(E), is hereby
DENIED.

SEP 2 5 2009

DONE and ORDERED in Chambers at Miami-Dade County, Florida this _____ day of
_____ _____.

Circuit Court Judge

**PEDRO P. ECHARTE, JR.**
Circuit Judge

cc:    Counsel/Parties of Record

In accordance with the Americans with Disabilities Act OF 1990, persons
needing a special accommodation to participate in this proceeding should
contact the ADA Coordinator at the Dade County Courthouse, 73 West Flager
Street, Miami, Florida 33130, no later than seven days prior to the proceeding
at 305-349-7175 (Voice); and 305-349-7174 (TDD) or the Florida Relay Service
at 1-800-955-8770 or 1-800-955-8771.

464

Bk 27035 Pg 2530 CFN 20090717065 10/05/2009 08:58:04 Pg 1 of 1 Mia-Dade Cty. FL

STATE OF FLORIDA, COUNTY OF DADE
HEREBY CERTIFY that the foregoing is a true and
correct copy of the original of the in this
this August 14 _____ AD 20 25
Juan Fernandez Barquin
Clerk of the Court and Comptroller
Deputy Clerk



33909942

Exh. Z.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

*US Bank*

Plaintiff(s),                    CASE NO: 07-13219        CA

vs.

*Rhodes, Ferris*

Defendant(s).

### NOTICE OF DISMISSAL BY PLAINTIFF
### AND
### CANCELLATION OF LIS PENDENS

To:
Attorney(s) for Defendant(s)

Please take notice that the plaintiff discontinues the above entitled to action and dismisses the complaint without prejudice and further requests this Court order that the notice of lis pendens be cancelled.

#### Certificate of Service

This document will be personally served on the Defendant(s) by the Plaintiff.

SIGNATURE OF ATTORNEY FOR PLAINTIFF
NAME: *BART HEFFERNAN*
ADDRESS: *100 W. Cypress Creek Rd.*
*Suite 1045*
*Ft. Lauderdale, FL 33309*
TEL: *954-444-8404*
FAX:

Bk 27658 Pg 3007 CFN 20110252622 04/19/2011 12:13 15 Pg 2 of 2 Mia-Dade Cty. FL

STATE OF FLORIDA COUNTY OF DADE
I HEREBY CERTIFY that the foregoing is a true and
correct copy of the original on file in this
office August 14                     A.D. 25
Harvey Ruvin, Clerk
Clerk of the Circuit and Comptroller
Dade County, by: Deputy Clerk



33910007

Exh. AA.

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR DADE COUNTY, FLORIDA

CIRCUIT CIVIL DIVISION

___ US Bank ___
Plaintiff(s),

CASE NO. __0713219__ CA

vs.

Rhodes, Ferris
Defendant(s).

**ORDER OF DISMISSAL**
**AND**
**CANCELLING NOTICE OF LIS PENDENS**

To: _____
Attorney for Defendant

Upon motion/notice of dismissal by the plaintiff and it appearing that the defendant has no objection, it is

IT IS ORDERED AND ADJUDGED that the action is dismissed without prejudice with costs to borne by the Plaintiff.

IT IS FURTHER ORDERED AND ADJUDGED THAT The Notice of Lis Pendens filed by Plaintiff and recorded in the public records of MIAMI-DADE County, Florida, regarding the property which is the subject of this action is hereby is cancelled, vacated, discharged and shall be of no further force or effect, and the Clerk is hereby directed to record this Order to reflect same.

DONE AND ORDERED in Chambers at Miami, Miami-Dade County, Florida this
day of _____ APR 1 3 2011 20

Charles Edelstein
Senior Judge

Copies Furnished to: Plaintiff's Counsel, who shall, using any method(s) mandated by the Florida Rules of Civil Procedure, serve all parties/counsel of record with a true and correct copy of this Order IMMEDIATELY and file proof of service with the Clerk.

Bk 27658 Pg 3006 CFN 20110252622 04/19/2011 12:13:15 Pg 1 of 2 Mia-Dade Cty. FL



United States Bankruptcy Court
Southern District of Florida

Exh. CC



## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below
was filed under Chapter 7 of the United States Bankruptcy
Code, entered on 09/18/2025 at 12:24 PM and filed on
09/18/2025.

**Maurice Ferri Rhodes Symonette**
1742 NW 68 Terr
Miami, FL 33147
786-859-9421
SSN / ITIN: xxx-xx-9067
aka Michael Israel

The bankruptcy trustee is:

**Marcia T Dunn**
66 West Flagler Street, Ste 400
Miami, FL 33130
786-433-3866

ne case was assigned case number 25-20877-RAM to Judge Robert A Mark.

most instances, the filing of the bankruptcy case automatically stays certain collection and other actions
inst the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or
exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a
or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to
mine your rights in this case.

would like to view the bankruptcy petition and other documents filed by the debtor, they are available at
rernet home page www.flsb.uscourts.gov or at the Clerk's Office, , .

ay be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth
mt deadlines.

Joseph Falzone
U.S. Bankruptcy Court