UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**Case Number: 25-24031-CIV-MARTINEZ**

FERRIS RHODES and
MAURICE SYMONETTE,

    Plaintiffs,

v.

STATE OF FLORIDA,
U.S. BANK, N.A.,

    Defendants.
_____/

## **ORDER**

**THIS CAUSE** came before the Court upon a *sua sponte* review of the record. There are several issues requiring correction by Ferris Rhodes and Maurice Symonette.

Rhodes and Symonette, appearing as "Plaintiffs" in their Notice of Filing Notice of Removal Change of Venue [ECF No. 1], presumably removed a state-court action on September 4, 2025. Under 28 U.S.C. section 1446(a), removing defendants are required to file "a copy of all process, pleadings, and orders served on such defendant or defendants" in the state court action they are seeking to remove. *Id.* To date, Rhodes and Symonette have not done so.

Furthermore, in their Notice of Removal, Rhodes and Symonette do not include a case number or docket indicating the state court case they are seeking to remove. (*See* Notice of Removal). Following the Clerk's Notice instructing them to file the state court records (*see* Clerk's Notice to Filer [ECF No. 4]), on September 11, 2025, Rhodes and Symonette filed a Notice of State Court Documents (*see* Notice [ECF No. 5]). The state court documents, however, reference a state court action with different parties than those Rhodes and Symonette have named in the

Case Number: 25-24031-CIV-MARTINEZ

present action. Consequently, it is unclear what state court case Rhodes and Symonette seek to remove.

In addition, neither Rhodes nor Symonette has paid the required filing fee or submitted an adequate motion to proceed *in forma pauperis*. Under 28 U.S.C. section 1914(a), the Clerk of Court is instructed to require parties instituting a civil action to pay a filing fee.[1] Yet, under 28 U.S.C. section 1915(a)(1),

> any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

*Id.* (alterations added). While Rhodes filed a Motion to Proceed *in Forma Pauperis* ("IFP Motion") [ECF No. 3], the IFP Motion is unsigned and therefore deficient. (*See id.*); s*ee, e.g.*, *Jones v. Shropshire*, No. cv-323-051, 2023 WL 4868371, at *2 (S.D. Ga. July 31, 2023) (discussing the signature requirement), *report and recommendation adopted*, No. CV 323-051, 2023 WL 5751098 (S.D. Ga. Sept. 6, 2023).

Further, while the IFP Motion indicates Rhodes receives zero dollars in income and has zero dollars in cash or in bank accounts, the IFP Motion lacks sufficient detail. (*See generally* [ECF No. 3]). For instance, Rhodes does not list monthly gross pay and dates in the section requiring an employment history, or list a city and state of residence. (*See id.* 5). Nor does the IFP Motion explain how Rhodes can afford necessities of daily life. (*Compare, e.g. id.* 1–2 (listing $0 in monthly income), *with id.* 4 (listing monthly expenses of $100)).

In short, without more information describing Plaintiff Rhodes's financial assets and his

---

[1] This District's Fee Schedule can be found at https://www.flsd.uscourts.gov/court-fees.

Case Number: 25-24031-CIV-MARTINEZ

inability to pay the filing fee, the Court cannot ascertain whether Rhodes satisfies the requirement of poverty under 28 U.S.C. section 1915(a). Certainly, the Court is unable to find that Symonette, who did not file a motion to proceed *in forma pauperis* with a supporting affidavit, satisfies the requirement of poverty and is unable to pay the filing fee.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff, Ferris Rhodes's IFP Motion **[ECF No. 3]** is **DENIED without prejudice**.

2. On or before **November 21, 2025**, Rhodes and Symonette shall either pay the filing fee or **each** submit separate signed and sworn applications to proceed *in forma pauperis* that comply with this Order.

3. In addition, on or before **November 21, 2025**, Rhodes and Symonette shall file a corrected notice of removal that identifies the correct party names and state-court case number and attaches the correct state-court docket of the case they are seeking to remove, including copies of all papers served on them in the state-court case. The corrected notice of removal shall also include "a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a) (alteration added).

4. Failure to comply with this Order will result in **dismissal** without prejudice and without further notice.

5. Any other pending motions are **DENIED** as moot.

**DONE AND ORDERED** at Miami, Florida this 6th day of November 2025.

_____
CECILIA M. ALTONAGA
for JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Plaintiffs, *pro se*

3